Filed 5/21/15  Merritt v. Gandhi CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| DAVID MERRITT et al.,<br><br>     Plaintiffs and Appellants,<br><br>          v.<br><br>CHETAK GANDHI et al.,<br><br>     Defendants and Respondents. | H039291<br>(Santa Clara County<br> Super. Ct. No. 1-11-CV195455) |

Appellants Salma Merritt and David Merritt appeal an order of the superior court declaring them vexatious litigants.  On appeal, they assert the court erred in making his designation.

The underlying litigation in this case involves appellants' attempt to secure exclusive use of a public parking space adjacent to their home.  Appellants, acting in pro per, sued the homeowners' association, as well as the individual board members of the association in an effort to secure the parking space.  Judgment ultimately was awarded in favor of respondents, following their successful motion for summary judgment.

On February 6, 2013, after judgment was entered in favor of respondents, the trial court declared appellants to be vexations litigants.

**STATEMENT OF THE CASE**

Appellants own a home in the Classics at Fair Oaks community in Sunnyvale. Respondents are the Classics at Fair Oaks Homeowners' Association (Association), as well as Chetak Gandhi, Wayne Brown and Ying-Chi "Sherry" Lee, who are individual board members of the Association.

In 2011, appellants, acting in pro per, filed a complaint against respondents in an effort to secure exclusive use of a public parking space adjacent to their home. The complaint alleged conspiracy, invasion of privacy, and discrimination based on disability.

Over the two-year period of the underlying litigation, appellants filed numerous unmeritorious motions, pleadings and notices in the trial court.

On May 11, 2011, appellants filed an unmeritorious, motion for sanctions

On August 17, 2011, appellants filed a "Notice of Unavailability" stating that they were departing the United States on August 31, 2011 for several months and that David Merritt would not return until September 15, 2011 and then would be departing again on October 30, 2011. Salma Merritt would be out of the country until November 15, 2011.

On October 5, 2011, appellants filed another "Notice of Unavailability" stating that Salma Merritt would not be available until November 22, 2011 and that David Merritt would be leaving the county on November 4, 2011 and would be unavailable until November 21, 2011.

On January 30, 2012, respondents filed a motion to compel initial responses to written discovery and request for sanctions. In opposition to this motion, appellants moved for a protective order. On March 12, 2012, the court granted respondents' motion, sanctioned appellants $1,170, and denied appellants' motion for a protective order.

On or about March 20, 2012, appellants filed an unmeritorious motion to reconsider the March 12, 2012 order. The court denied this motion on the merits because appellants did not present any new facts or law to support reconsideration. In addition,

2

the court noted that appellants' motion did not meet procedural requirements for such a motion.

On May 15, 2012, appellants filed an unmeritorious motion for sanctions. The court denied appellants' motion and sanctioned them $1,000.

On August 30, 2012, appellants served a "Notice of Unavailability" stating that they were departing the United States on October 18, 2012 for several months on "urgent family, health and business matters." Appellants stated that Salma Merritt would not return until some date uncertain in January of 2013. Appellants stated that David Merritt would not return until some date uncertain by the second week of November 2012, and then would be leaving again on some date uncertain in the third week of December 2012. Appellants stated that both would be finally returning on January 20, 2013.

On October 1, 2012, appellants served another "Notice of Unavailability" stating that Salma Merritt would be unavailable from October 18, 2012 through January 21, 2013, and that David Menitt would be unavailable from October 18, 2012 to November 13, 2012. Appellants stated that David Merritt would be available until December 23, 2012, when he would depart the country again not to return until January 20, 2013.

On or about October 27, 2012, appellants filed and served an unmeritorious petition for disqualification against Judge Kevin E. McKenney for cause under Code of Civil Procedure sections 170.6 and 170.3, claiming that Judge McKenney was biased and could not be impartial. In the petition, appellants argued that Judge McKenney looked at David Merritt with "profound nastiness" and was prejudiced against African Americans. The Petition was denied.

On December 12, 2012, appellants filed an unmeritorious opposition to respondents' ex parte application to establish dates certain for appellants' upcoming depositions. The opposition was unsuccessful and respondents' application was granted.

3

On December 26, 2012, during the period of time appellants claimed they would be out of the country and unavailable, appellants filed a motion for leave to amend their complaint. The proposed amended complaint adds the City of Sunnyvale and two of its officials as defendants. The amended complaint also alleged acts that occurred in 2008.

Appellants have appealed a number of trial court orders in this case. The first was filed in March 2012, and sought to challenge the trial court's February 2012 order granting respondents' motion to compel further discovery responses. This court dismissed the appeal as having been taken from a non-appealable order in case number H038363.

In the present case (H039291), appellants have attempted to appeal three orders: the February 1, 2013 order denying appellants' motion for leave to file an amended complaint, the February 1, 2013 order granting respondents' motion for summary judgment, and the February 8, 2013 order declaring appellants vexations litigants.

On June 25, 2013, this court stayed the appeal of the February 1, 2013 order denying appellant's motion for leave to file an amended complaint, because appellants did not first obtain an order from the presiding justice of this court granting permission to file the appeal as required by California Code of Civil Procedure section 391.7, subdivision (c).

On July 2, 2013, appellants filed a request for permission to file an appeal of the order granting respondents' motion for summary judgment.

On August 2, 2013, this court dismissed the appeal of the order denying appellants' request to file an amended complaint, because appellants did not obtain permission to file. On the same date, this court denied appellants' request to file new litigation related to the appeal of the order granting respondents' motion for summary judgment.

4

The only claim that remains in this case is appellants' appeal of the order declaring them vexatious litigants.

## DISCUSSION

Appellants dispute the trial court's order declaring them vexatious litigants. A vexatious litigant is defined as a person who, "while acting in propria persona, repeatedly files unmeritorious motions, pleadings, or other papers, conducts unnecessary discovery, or engages in other tactics that are frivolous or solely intended to cause unnecessary delay." (Code Civ. Proc., § 391, subd. (b)(3).)

"The trial court exercises its discretion in determining whether a person is a vexatious litigant. Review of the order is accordingly limited and the Court of Appeal will uphold the ruling if it is supported by substantial evidence. Because the trial court is best suited to receive evidence and hold hearings on the question of a party's vexatiousness, we presume the order declaring a litigant vexatious is correct and imply findings necessary to support the judgment. [Citations.]" (*Golin v. Allenby* (2010) 190 Cal.App.4th 616, 636.)

As noted above, appellants have filed numerous unmeritorious filings in this case. In addition, appellants have filed numerous notices of unavailability, causing delay in the progression of the litigation. We note that in addition to present case, appellants have filed 18 other appellate actions in this court.[1]

The sheer volume of appellants' filings cumulatively demonstrates their vexatiousness. (See, e.g., *Galin v. Allenby, supra,* 190 Cal.App.4th at p. 639.) Appellants' litigation conduct in the present case alone unreasonably impacted both respondents and the courts, and qualifies them for a designation of vexations litigants. Moreover, appellants' consistant filings in this case, including 18 other appellant actions, demonstrate their vexatiousness.

---

[1] We take judicial of all of appellants' filings in this court.

5

In sum, there was substantial evidence to support the trial court's finding that appellants were vexatious litigants within the meaning of Code of Civil Procedure section 391, subdivision (b)(3).

### DISPOSITION

The order designating appellants as vexatious litigants is affirmed.

_____
RUSHING, P.J.

WE CONCUR:

_____
PREMO, J.

_____
ELIA, J.

7